# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

ZACHARY GARD,                        )
                                     )
       Plaintiff,           )
                                     )
   vs.                              )          No. 3:10-CV-0080
                                     )
I-FLOW CORPORATION,                  )
                                     )
      Defendant.            )

## OPINION AND ORDER

This matter is before the Court on Defendant I-Flow Corporation's Motion to Dismiss counts II through VI, filed May 20, 2010, pursuant to Fed. R. Civ. P. 12 (b) (6) and 9 (b). For the reasons set forth below, this motion is **GRANTED IN PART** and **DENIED IN PART**. Counts II, III and IV are **DISMISSED WITH PREJUDICE**. Counts V and VI are **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

This controversy stems from the surgical installation of a "pain pump" in Plaintiff's shoulder. The defendant, I-Flow Corporation, is the manufacturer of the pain pump. Plaintiff filed this action and Defendant responded with the instant motion seeking dismissal of counts II through VI pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). After a status conference concerning the

instant motion, the Court directed Plaintiff to file a supplemental brief addressing why counts II through VI should not be dismissed with prejudice. Plaintiff acquiesces in Defendant's request to dismiss, with prejudice, counts II, III and IV, but requests that counts V and VI be dismissed without prejudice.

DISCUSSION

A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

Rule 9(b) of the Federal Rules of Civil Procedure provides that when a party alleges fraud or mistake, they must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). Rule 9(b) requires that facts such as the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which it was communicated to the plaintiff be alleged in detail. *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 668 (7th Cir. 2008); *Hefferman v.*

*Bass*, 467 F.3d 596, 601 (7th Cir. 2006).

Plaintiff concedes that dismissal with prejudice is appropriate as to counts II through IV. Accordingly, with respect to these counts, the Defendant's motion to dismiss is **GRANTED**, and counts II, III and IV are **DISMISSED WITH PREJUDICE.**

With regards to Counts V and VI, Plaintiff concedes that he has not plead with particularity the circumstances surrounding the fraud and misrepresentation allegations pursuant to Fed. R. Civ. P. 9(b), and that he is not in a position to do so at this time. Plaintiff objects to Defendant's motion to dismiss only in that it requests that the Court dismiss the two counts in question with prejudice. Plaintiff seeks dismissal without prejudice, which would thereby leave open the door for Plaintiff to request leave to amend the complaint after more discovery has been completed.

Plaintiff provides little case law in support of his proposition that counts V and VI should be dismissed without prejudice. Relying on *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 971 (5th Cir. 1981), Plaintiff asserts that "[t]raditionally, [c]ourts that have addressed this issue generally provide plaintiffs with the opportunity to achieve redress for harm caused by fraud[] ... by allowing the party to amend [their] complaint when discovery ... allow[s] the party to plead with requisite particularity." *See* Plaintiff's Supplemental Brief, p. 3. While claiming that courts "generally provide plaintiffs" with that

opportunity, Plaintiff provides only two cases in support of this proposition, neither of which are controlling in this District.

In *Summer*, the Fifth Circuit upheld a Southern District of Florida decision to dismiss a fraud claim based on Rule 9(b), but remanded to allow the plaintiff to amend the complaint if he could do so in a manner to meet the heightened requirements under 9(b). *Summer*, 664 F.2d at 970-71. However, the Fifth Circuit also noted that the plaintiff in Summer already had knowledge of certain facts which would be necessary to meet the heightened 9(b) standards, but did not include them in the complaint. *Id*. Furthermore, the district court did not even address the argument that "the complaint contain[ed] only conclusory allegations." *Id*. As such, *Summer* is unpersuasive. Here, there is no indication that Plaintiff can plead with any particularity, *any* of the facts underlying the fraud claims.

Nonetheless, Plaintiffs also noted that the decision to deny or grant a motion for leave to amend a complaint is soundly within the discretion of the Court. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). Indeed, if rather than filing counts V and VI prematurely, Plaintiff had simply not included them in his complaint and then came upon evidence of fraud during discovery, there is a good chance that a motion seeking leave to amend the pleadings would be granted. That is, of course, not the path Plaintiff chose, and this Court is not at this time faced with a

4

motion to amend the complaint. Nonetheless, granting Defendant's motion to dismiss with prejudice would place the Plaintiff in a worse position than he would have been in if he had simply declined to include these counts in his initial pleading. And, for that reason, this Court finds that the interest of justice suggest that a dismissal without prejudice is appropriate as to counts V and VI. Therefore, the Defendant's motion for dismissal of counts V and VI with prejudice pursuant to Fed. R. Civ. P. 9(b) is **DENIED**, but the counts are **DISMISSED WITHOUT PREJUDICE**.

CONCLUSION

For the reasons set forth above, Defendant's motion is **GRANTED in PART** and **DENIED IN PART**. The **CLERK** is **ORDERED** to **DISMISS** counts II, III and IV of the complaint **WITH PREJUDICE** and counts V and VI of the complaint **WITHOUT PREJUDICE**.

DATED: November 2, 2010            /s/ RUDY LOZANO, Judge
                                   United States District Court