```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION


ZACHARY GARD,                      )
                                   )
Plaintiff,                         )
                                   )
vs.                                )    No. 3:10-CV-80
                                   )
I-FLOW CORPORATION, n/k/a          )
I-FLOW, LLC, ANONYMOUS             )
DOCTOR A, and                      )
ANONYMOUS CLINIC A,                )
                                   )
Defendants.                        )
```

OPINION AND ORDER

This matter is before the Court on Anonymous Doctor A and Annonymous Clinic A's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), filed by Defendants Anonymous Doctor A and Anonymous Clinic A (collectively "Anonymous Defendants") on June 29, 2012.[1] For the reasons set forth below, the above captioned matter is **DISMISSED**. The Clerk is **ORDERED** to **DISMISS** this case without prejudice.

BACKGROUND

On March 5, 2010, Zachary Gard ("Gard") filed a complaint against Defendant I-Flow Corporation ("I-Flow"). On April 27,

---

[1] The Anonymous Defendants' Motion to Dismiss and supporting memorandum were filed as docket entries 62 and 63 respectively. Apparently, a duplicative Motion to Dismiss and supporting memorandum were mistakenly filed by the Anonymous Defendants on July 2, 2012, and entered as docket entries 64 and 65 respectively. Therefore, this Opinion and Order is applicable to Docket Entries 62, 63, 64, and 65.

2012, Gard filed a motion to amend his complaint along with an amended complaint to be filed with the Court. The motion was unopposed. The Court granted Gard's motion on April 30, 2012, and simultaneously treated the amended complaint as filed that same day. Gard's amended complaint added the Anonymous Defendants as defendants in this action. The following allegations contained in Gard's amended complaint are relevant to the Anonymous Defendants' instant motion to dismiss:

(1) Plaintiff, Zachary Gard, was at all times a citizen and resident of St. Joseph, County, Indiana. (Amended Complaint at 1).

(2) Defendant, I-Flow Corporation (hereafter "I-Flow" or "Defendant") is a Delaware Corporation with its principal place of business and citizenship in Lake Forest, California. (Amended Complaint at 2).

(3) Jurisdiction is based on diversity of citizenship of the parties and the amount in controversy, which is excess of $75,000.00, pursuant to 28 U.S.C. § 1332. (Amended Complaint at 3).

(4) Defendant, Anonymous Doctor A, is a qualified health care provider…with his principal place of business located at 320 Lincolnway E., Osceola, IN 46561. (Amended Complaint at 64).

(5) Defendant, Anonymous Clinic A, is a qualified health care provider…with its principal place of business located at

2

320 Lincolnway E., Osceola, IN 46561. (Amended Complaint at 65).

(6) Anonymous Doctor A and Anonymous Clinic A are citizens of the State of Indiana. (Amended Complaint at 66).

The Anonymous Defendants seek to dismiss the instant amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The Anonymous Defendants filed a memorandum in support of their motion to dismiss on June 29, 2012. Gard filed a response to the Anonymous Defendants' motion to dismiss on July 13, 2012. The matter is therefore fully briefed and ripe for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) governs dismissal for lack of subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When considering a motion to dismiss under Rule 12(b)(1), the court must accept all of the plaintiff's well-pled factual allegations as true and all reasonable inferences derived from those allegations must be drawn in the plaintiff's favor. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). However, the court may also look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject

matter jurisdiction exists.  *Id*.

Under 28 U.S.C. § 1332(a)(1), a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between *citizens of different States*." (emphasis added).  When a district court's jurisdiction is based on 28 U.S.C. § 1332, there must be complete diversity between the opposing parties.  *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).  In other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

As a general rule, when the court has jurisdiction under 28 U.S.C. § 1332, complete diversity must be established at the beginning of the action and subsequent events do not affect the court's diversity jurisdiction.  *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004).  However, if an amended pleading is filed by a party, the original pleading is irrelevant and the amended pleading controls the court's jurisdictional analysis. *See Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (explaining that the plaintiff's first amended complaint controlled the court's jurisdictional inquiry, not the original complaint).

In *Estate of Alvarez v. Donaldson Co., Inc.*, the court

4

considered whether dismissal of a plaintiff's complaint for lack of subject matter jurisdiction was appropriate where the plaintiff's original complaint established complete diversity, but the plaintiff's amended complaint destroyed diversity. 213 F.3d 993, 994 (7th Cir. 2000). The plaintiff in *Estate of Alvarez* filed a complaint initiating a wrongful death action in the United States District Court for the Northern District of Indiana. *Id*. Jurisdiction was based on diversity of citizenship under 28 U.S.C. § 1332. *Id*. The plaintiff moved to file an amended complaint to add additional defendants, some of which would destroy complete diversity. *Id*. The district court granted the plaintiff's motion to amend its complaint, and subsequently dismissed the entire action for lack of complete diversity. *Id*. In dismissing the plaintiff's amended complaint, the district court explained that "requiring complete diversity does not require constant inquiry into the parties' changing citizenship; it simply requires plaintiffs to establish diversity as part of an amended complaint just as they did for the original complaint." *Id*. at 395. On appeal, the Seventh Circuit reiterated the district court's reasoning and affirmed the dismissal of the plaintiff's complaint.

In light of the principles discussed above, the present case must be dismissed in its entirety for lack of subject matter jurisdiction. As in *Estate of Alvarez*, Gard's original

5

complaint established complete diversity between Gard and I-Flow, along with the corresponding amount in controversy requirement, and consequently, the case was within this Court's diversity jurisdiction. However, Gard's amended complaint, which added the Anonymous Defendants to the action, destroyed complete diversity because Gard and the Anonymous Defendants are all citizens of the State of Indiana. As explained above, Gard's amended complaint must control the Court's jurisdictional inquiry. Accordingly, the addition of the Anonymous Defendants to the case divested this Court of subject matter jurisdiction, and consequently, this case must be dismissed in its entirety.

In Gard's response to the Anonymous Defendants' Motion to dismiss, he contends that "[t]he Anonymous Defendants are necessary parties under Federal Rule of Civil Procedure 19(a) because the issues in this case concern claims of medical product liability of Defendant I-Flow Corporation, in conjunction with negligent medical care rendered to Zachary Gard by the Anonymous Defendants." (Plaintiff's Response at 2). Furthermore, Gard posits that "[t]he Anonymous Defendants were added to this case pursuant to this Court's Order of April 30, 2012." (Plaintiff's Response at 2). Finally, Gard contends that "should this Court determine that the presence of the Anonymous Defendants divests this Court of subject matter jurisdiction, then this Court will need to determine whether

Plaintiff's claims against solely the Anonymous Defendants must be dismissed, or whether Plaintiff's claims in their entirely [sic] against all Defendants must be dismissed." (Plaintiff's Response at 2). *Estate of Alvarez*, discussed above, is instructive on these propositions.

In *Estate of Alvarez*, the court treated the amendment of the plaintiff's complaint, which added non-diverse defendants to the action, as joinder under Federal Rule of Civil Procedure 19. *Estate of Alvarez*, 213 F.3d at 995. The court further explained that joinder under Rule 19(a) is only appropriate when the joinder will not destroy subject matter jurisdiction. *Id*. Because the additional defendants at issue would destroy subject matter jurisdiction, the Court proceeded under Rule 19(b) to determine whether dismissal of the entire case was appropriate. *Id*. Applying the factors set out in Rule 19(b), the Court determined that "[t]he district court correctly joined the additional defendants as indispensable parties and then dismissed the case for lack of subject matter jurisdiction." *Estate of Alvarez*, 213 F.3d at 996.

The Court finds that the present case is distinguishable from *Estate of Alvarez*. In this case, Gard filed an *unopposed* motion to amend his complaint, which in effect, divested the Court of subject matter jurisdiction for lack of complete diversity. Contrary to Gard's proposition in his response to

7

the Anonymous Defendants' Motion to Dismiss, the Anonymous Defendants were not "added to this case pursuant to this Court's Order of April 30, 2012." Rather, the Court entered an Order on April 30, 2012, permitting Gard to amend his complaint. Thus, unlike *Estate of Alvarez*, the Anonymous Defendants are already parties to this case, and consequently, the Court has no opportunity to employ the Rule 19 analysis. Moreover, the Court is unable to employ such an analysis at this point because, as explained above, the Court has no subject matter jurisdiction.

CONCLUSION

For the reasons set forth above, the above captioned matter is **DISMISSED**. The Clerk is **ORDERED** to **DISMISS** the case without prejudice.


**DATED: October 26, 2012**               /s/ RUDY LOZANO, Judge
                                          **United States District Court**